J-S30043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID RILEY | : | |
| | : | |
| Appellant | : | No. 2544 EDA 2024 |

Appeal from the PCRA Order Entered August 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007669-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID RILEY | : | |
| | : | |
| Appellant | : | No. 2545 EDA 2024 |

Appeal from the PCRA Order Entered August 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007670-2017

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 10, 2025**

David Riley appeals from the order entered in the Court of Common

Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Riley raises claims of

ineffective assistance of direct appeal counsel for failing to challenge the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court's denial of a mistrial based on alleged prosecutorial misconduct in closing

argument before the jury and the sufficiency of the evidence for a preliminary

hearing identification.  We affirm.

The PCRA court summarized the factual and procedural history of this

case as follows:

> On April 27, 2018, a jury found [Riley] guilty of two counts of aggravated assault and one count each of [person] prohibited [from] possession of a firearm, carrying a firearm without a license, and carrying a firearm [o]n public [streets or public property] in Philadelphia.  On August 24, 2018, the court sentenced [Riley] to an aggregated 10 to 20 years['] consecutive incarceration and [five] years['] probation for both aggravated assault convictions, [eight] to [sixteen] years['] incarceration for the prohibited possession of a firearm [], and no further penalty on the remaining [] convictions.
>
> On January 22, 2019, [Riley] filed a notice of appeal.  The Superior Court affirmed [Riley's] judgment of sentence on January 22, 2021.  [. . .] The Pennsylvania Supreme Court denied [Riley]'s petition [for allowance of appeal] on July 7, 2021.  On August 4, 2021, [Riley] filed a petition for post[-]conviction relief.  On April 19, 2022, counsel for [Riley] filed a **Finley**[1] letter, stating that the issues raised in [Riley's PCRA] petition did not provide a basis for relief under the [PCRA].  The [PCRA] court subsequently dismissed the initial petition on August 15, 2022.
>
> [Riley filed] a notice of appeal on August 24, 2022.  The court entered an order on September 26, 2022, vacating PCRA counsel and appointing appellate counsel.  On October 11, 2023, the Superior Court reversed the [PCRA] court's decision on grounds that PCRA counsel's **Finley** brief was deficient and remanded for counsel to file an amended petition or sufficient **Finley** brief.
>
> [Riley] filed an amended petition on January 22, 2024.  On August 7, 2024, the [PCRA] court issued a notice of intent to dismiss

_____

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Riley's PCRA petition. **See**] Pa.R.Crim.P. 907. The [PCRA] court subsequently dismissed [Riley]'s petition on August 28, 2024.

[Riley filed notices] of appeal on September 24 [and 25], 2024.

Trial Court Opinion, 12/6/24, at 1-2 (unnecessary capitalization and footnotes omitted; paragraph break added).

Thereafter, Riley and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. We consolidated Riley's appeals *sua sponte*. **See** Pa.R.A.P. 513. On appeal, Riley presents the following issues for our review:

1. Did the PCRA court err in dismissing [Riley]'s amended petition without an evidentiary hearing in the situation where [direct] appellate counsel was ineffective because he failed to raise the Commonwealth's prejudicial comments about narcotics during closing argument as an issue on appeal?

2. Did the PCRA court err in dismissing [Riley]'s amended petition without an evidentiary hearing in the situation where [direct] appellate counsel was ineffective because he failed to raise the impermissible hearsay identification of [Riley] as an issue on appeal?

Appellant's Brief, at 5 (unnecessary capitalization omitted).

Both of Riley's claims invoke the same well-settled standard of review for challenges brought under the PCRA:

an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record[] and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations and quotation marks omitted).

- 3 -

To establish a claim of ineffective assistance of counsel, our Supreme Court has explained that:

> a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the [] test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Id.* at 311-12 (citations, quotation marks, and brackets omitted).

In his first issue, Riley challenges the effectiveness of his direct appeal counsel for failing to argue that the trial court erred in denying a mistrial where the Commonwealth's closing argument implied that Riley was involved in a drug-related shooting. Riley complains that there was no evidence that he was involved in narcotics and that the wrongful implication caused him

prejudice where "it unfairly discounted defense counsel's argument that there was no motive," because:

> [t]o the extent that there was doubt in the juror[s'] mind[s] regarding the identity of the shooter, this [wrongful implication] could have unfairly given rise to a presumption of guilt given that the Commonwealth implied that the shooting was drug-related, and that [] Riley therefore had a motive to engage in the shooting. This presumption of guilt could have changed the outcome of the trial.

Appellant's Brief, at 14-15. Riley contends that this is a nonfrivolous issue that direct appeal counsel had no strategic reason for failing to raise. *See id.* at 10-15. We conclude that Riley is not entitled to relief.

The prosecutor in a criminal case "has great discretion during closing argument; indeed, closing 'argument' is just that: argument." *Commonwealth v. Eichinger*, 108 A.3d 821, 836 (Pa. 2014) (citation omitted). "A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks." *Commonwealth v. Spotz*, 47 A.3d 63, 97 (Pa. 2012) (citations omitted). "A prosecutor is as entitled as a defense attorney to argue his version of the case based on the record evidence." *Commonwealth v. Moody*, 654 A.2d 1120, 1124 (Pa. Super. 1995); *see also Commonwealth v. Williams*, 863 A.2d 505, 518 (Pa. 2004) ("A prosecutor may respond to defense arguments and is free to present her case with logical force and vigor.").

In determining whether a prosecutor's statement was proper, we view it not in isolation, but rather in the context in which it was made. A prosecutor is generally given a reasonable latitude in presenting his or her version of the case to the jury. Any remarks that are supported by the evidence or legitimate inferences therefrom are proper. A statement may also be proper if it fairly rebuts arguments made by the defense during summation, even if it deals with matters of credibility.

*Moody*, 654 A.2d at 1122 (citations omitted). Further, in assessing the prosecutor's challenged statements, we are mindful that

it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt. A prosecutor does not commit misconduct merely by summarizing the evidence with the oratorical flair allowed during argument, or by fairly commenting on the evidence and responding to defense arguments. The bounds of oratorical flair afford the prosecution significant leeway in this regard, but when statements deteriorate into impermissible characterizations and inflammatory name-calling that are divorced from the record or irrelevant to the elements of the crime at issue, they are substantially unwarranted and must be scrutinized for prejudicial effect. Reversible error occurs only if the prosecutor has deliberately attempted to destroy the factfinder's objectivity.

*Commonwealth v. Anderson*, 327 A.3d 273, 282 (Pa. Super. 2024) (citations, quotation marks, and brackets omitted). Indeed, our Supreme Court has explained that, in establishing reversible error, the appellant is held to a high standard, because

[n]ot every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial:

Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

*Commonwealth v. Hairston*, 249 A.3d 1046, 1067 (Pa. 2021) (citations omitted).

Instantly, the PCRA court evaluated Riley's first appellate issue as follows:

> Here, [Riley] fails on the first prong [of the ineffective assistance of counsel test] because raising this claim on appeal would have been meritless. During closing argument, the prosecution stated to the jury: "I don't have to prove intent or a reason why this was done, but trial counsel in his cross-examination of Detective [Andrew] Gallagher brought out motive and intent and that there was drugs, alleged heroin and drug paraphernalia." [N.T. Trial, 4/26/18, at 102.]
>
> Under the law, a prosecutor's comments do not constitute reversible error unless "their unavoidable effect is to prejudice the jury, forming in the jurors' minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Hutchinson*, 25 A.3d 277, 307 (Pa. 2011) [(citation omitted)]. Moreover, "it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt." *Commonwealth v. Bryant*, 67 A.3d 716, 727-[]28 (Pa. 2013).
>
> [Although] the prosecut[or] mentioned drugs as a motive for the shooting, it was within his rights to do so because drugs had been brought up during testimony. The prosecution inferred motive from the evidence presented and used that inference to argue [Riley]'s guilt. As a result, the prosecution's statement did not amount to prosecutorial misconduct, and the [trial] court did not err when it denied [Riley]'s request for a mistrial. Moreover, the court cautioned the jurors that "statements made by counsel do not constitute evidence and the questions which counsel put to witnesses are not themselves evidence[.] It is the witness' answers which provide the evidence for you." [N.T. Trial, 4/24/18, at 59; *see also* N.T. Trial, 4/26/18, at 125.] Jurors are presumed to follow the instructions provided to them by the trial court. [*See*] *Commonwealth v. Arrington*, 86 A.3d 831, 853

(Pa. 2014).  Therefore, any claim that the court erred in denying a mistrial would have been meritless on appeal, and appellate counsel was not ineffective for failing to raise it.

Trial Court Opinion, 12/6/24, at 4-5 (unnecessary capitalization, footnotes, and brackets omitted; paragraph breaks added).

Here, in viewing the prosecution statements in the context in which they were made, as we must, *see Moody*, 654 A.2d at 1122, we observe that defense counsel first raised the issue of motive before the jury in closing argument.  *See* N.T. Trial, 4/26/18, at 101 ("Ladies and gentlemen, also, why on earth would [Riley] do this[?]  Now, the Commonwealth does not have to show motive[.  .  .  .  B]ut there's been absolutely nothing there that says why on earth would [] Riley shoot at [the victim].  It has not been established.  And, ladies and gentlemen, all this adds up to reasonable doubt.").  Accordingly, as the issue was first raised by the defense, the prosecution could fairly respond to the defense comments on motive by relying on the admitted evidence and inferences properly drawn therefrom.  *See Spotz*, 47 A.3d at 97; *see also Moody*, 654 A.2d at 1122; *see also* N.T. Trial, 4/26/18, at 102 ("Ladies and gentlemen, [. . .] I don't have to prove motive.  I don't have to prove intent or a reason why this was done, but [defense counsel,] in his cross-examination of Detective Gallagher[,] brought out motive and intent and that was that there was drugs, alleged heroin and drug paraphernalia."); *see also* N.T. Trial, 4/25/18, at 121 (Detective Gallagher testifying that 16 grams of alleged heroin and drug paraphernalia packaging were discovered at

victim's house, and that during course of investigation, officers pursued allegations that drug dealers were involved in shooting).

In any event, the trial court appropriately instructed the jury on the relevant burden of proof, *see* N.T. Trial, 4/23/18, at 14, 19; N.T. Trial, 4/24/18, at 7, 12, 50; N.T. Trial, 4/26/18, at 139, and further instructed the jury that arguments of counsel are not evidence. *See Arrington*, 86 A.3d at 853; *see also* N.T. Trial, 4/24/18, at 59; N.T. Trial, 4/26/18, at 125. Accordingly, as there is no merit to Riley's underlying claim, direct appeal counsel could not have been ineffective. *See Spotz*, 84 A.3d at 311. Indeed, the PCRA court's findings of fact are supported by the record and we discern no legal error. *See id.*; *see also Commonwealth v. Cooper*, 941 A.2d 655, 669 (Pa. 2007) (prosecutor entitled to rely on evidence of record in arguing why defense theory not believable and may appeal to jurors to use common sense in assessing evidence and evaluating merits of defendant's theory, and where prosecutorial remarks do not amount to prosecutorial misconduct, defense counsel not ineffective for failing to raise issue). Thus, Riley is not entitled to relief on his first issue on appeal.

In his second appellate issue, Riley argues that his direct appeal counsel was ineffective for failing to appeal the allegedly insufficient identification evidence at the preliminary hearing. *See* Appellant's Brief, at 15-18. Riley relies on our Supreme Court's decision in *Commonwealth v. Harris*, 315 A.3d 26 (Pa. 2024), for the proposition that the Commonwealth cannot rely solely on hearsay evidence to establish a defendant's identity at a preliminary

hearing. ***See*** Appellant's Brief, at 15-16; ***see also Harris***, 315 A.3d at 37-38. Specifically, in this case, Riley argues that,

> a detective testified at the preliminary hearing that another police officer made [Riley's] identification [] after watching a video. Significantly, the identifying officer was not made available in court to testify and the defense was not able to cross[-]examine him.
>
> Based on the Pennsylvania Supreme Court's holding in ***Harris***, the reliance on hearsay testimony by the Commonwealth was insufficient to prove [] Riley's identity as a matter of law. As a result, it was error for appellate counsel not to appeal this identification.

Appellant's Brief, at 16.

Notably, we observe that ineffective assistance of counsel claims relating to a preliminary hearing are cognizable under the PCRA. ***See Commonwealth v. Stultz***, 114 A.3d 865, 882 (Pa. Super. 2015). However, the petitioner must establish prejudice, which requires a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***See Spotz***, 84 A.3d at 311. Further, we observe that the purpose of a preliminary hearing—rather than proving guilt—is to avoid incarcerating or trying a defendant without sufficient evidence to establish a crime was committed and the defendant likely committed the crime. ***See Commonwealth v. Sanchez***, 82 A.3d 943, 984 (Pa. 2013). Indeed, our Supreme Court has stated that "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." ***Id.***; ***see also Stultz***, 114 A.3d at 882 (quoting ***Sanchez***, 82 A.3d at 984). Similarly, this Court has explained that

"the failure to establish a *prima facie* case at a preliminary hearing 'is clearly immaterial where at the trial the Commonwealth met its burden by proving the [offense] beyond a reasonable doubt.'" **Commonwealth v. Troop**, 571 A.2d 1084, 1088 (Pa. Super. 1990) (quoting **Commonwealth v. McCullough**, 461 A.2d 1229, 1231 (Pa. 1983)).

Instantly, the PCRA court evaluated Riley's second appellate issue as follows:

> In this case, a jury convicted [Riley] of two counts of aggravated assault and multiple violations of the [Pennsylvania] Uniform Firearms Act [of 1995]. [**See** 18 Pa.C.S. §§ 6101-6127.] Moreover, the Superior Court affirmed on direct appeal that the evidence was sufficient to convict [Riley] of the charges and that the verdict was not against the weight of the evidence. Consequently, any defect at his preliminary hearing, i.e., a hearsay identification, was rendered immaterial and any claim raised on appeal relating thereto would have been meritless. Since this claim would have been meritless on appeal, counsel was not ineffective for failing to raise it.

Trial Court Opinion, 12/6/24, at 5-6 (unnecessary capitalization and footnote omitted).

After our review, no relief is due because we conclude that Riley fails to establish arguable merit for his claim, as he was convicted at trial, thereby curing any defect in the preliminary hearing evidence. **See Sanchez**, 82 A.3d at 984 ("once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial"). Further, we conclude that Riley's claim fails because he has not established prejudice. **See Spotz**, 84 A.3d at 311. Indeed, as the jury's

guilty verdict rendered immaterial any challenge that direct appeal counsel could have raised regarding a defect in the preliminary hearing, *see Sanchez*, 82 A.3d at 984, there is no reasonable probability that the outcome of Riley's direct appeal would have been different.[2]  *See Spotz*, 84 A.3d at 311. Accordingly, counsel cannot be deemed ineffective.  *See id.*; *see also Stultz*, 114 A.3d at 882 (noting that "It would be incongruous to make the prejudice analysis for purposes of PCRA review less stringent than that during direct review.  Nonetheless, even assuming that for purposes of prejudice we look to the outcome of the preliminary hearing, [the a]ppellant's claim would fail as not only can he not establish prejudice, but his issue lacks arguable merit.").  Therefore, Riley is not entitled to relief.

Order affirmed.

_____

[2] To the extent that our decision in *Stultz* considered the merits of that appellant's claims of ineffective assistance of counsel in relation to the outcome of the preliminary hearing, we observe that Riley has failed to include in the certified record a transcript of the preliminary hearing in his case, which omission prevents our substantive review of that specific claim, *c.f. Stultz*, 114 A.3d at 882, and thereby results in waiver.  *See Commonwealth v. Martz*, 926 A.2d 514, 524-25 (Pa. Super. 2007) ("[A]n appellate court cannot consider anything which is not part of the record in the case.  It is [. . . the a]ppellant's responsibility to supply this Court with a complete record for purposes of review.  A failure by [the a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.") (citations and quotation marks omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/10/2025</u>